UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JORGE PEREZ ALMEIDA,

     Plaintiff,

vs.

LA COLONIA MEDICAL CENTER, INC.,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, JORGE PEREZ ALMEIDA ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, LA COLONIA MEDICAL CENTER, INC. ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); the American with Disabilities AcT ("ADA"); and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injuries resulting from Defendant's unlawful race-based and disability-based discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is a Florida Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5.  Plaintiff is a Black individual from Cuba who suffers from diabetes, and within a class of individuals protected by §1981, Title VII, and the ADA.

6.  Plaintiff commenced employment with Defendant on or about October 15, 2020 as a driver.

7.  From his first day working there, he was subjected to discrimination based on his race.

8.  His supervisor Roberto Diaz (white) used expressions like "this nigger" or "where is the nigger?" to refer to or address Plaintiff while he was at the job.

9.  Plaintiff was the only black-skinned employee working as a driver under Roberto Diaz.

10. Every day Plaintiff was subjected to a hostile work environment in the form of racial slurs directed at him including daily use of the word nigger.

11. For example, Roberto Diaz and other non-black employees made comments related to my way of walking and the perfumes I used, among others, always allude to the fact that it was things of people of my race, "Cosas de negros"(a racist phrase used in Cuban slang, roughly translated in English to "Black Mannerisms")

12. Additionally, Plaintiff  was permanently assigned the worst and the farthest routes and all the other drivers had better salaries and better schedules than plaintiff did.

13. Plaintiff was also subjected to discrimination based on his medical condition being diabetes.

14. I had on numerous occasions informed my supervisor Roberto Diaz of my medical condition and to others at the company.

15. Plaintiff had requested from his supervisor for the accommodation of taking his lunch break before 3:00 pm but it was always denied, and in fact for asking he was the last one to be authorized to take his lunch break.

16. Plaintiff was also reprimanded on multiple occasions for simply drinking water during work hours, an act that is increasingly necessary in individuals who have diabetes.

17. Shortly before his termination by Defendant on September 9, 2021, Plaintiff complained of all of this behavior to human resources.

18.  The fact that Plaintiff complained to human resources was one of the factors, including illegal discrimination, which made up the decision making process by Defendant that lead to Plaintiff's termination

19. Plaintiff timely filed a Charge of Discrimination alleging discrimination on the basis of race, disability, and retaliation, with the Equal Employment Opportunity Commission, and the Florida Commission on Human Relations.

20. Plaintiff received a right-to-sue notice from the EEOC fewer than ninety days preceding the filing of this Complaint. As such, all conditions precedent, including the exhaustion of administrative remedies, have been met.

21. Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

## COUNT I
### *Race Discrimination in Violation of Title VII*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

23. Plaintiff is a member of a protected class under Title VII.

24. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on race.

25. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

26. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

27. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

28. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

29. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

30. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

31. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

32. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court

grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  a.  Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

  b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and at amounts to be proved at trial for the unlawful employment practices described herein;

  c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

  e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

  f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
***Race Discrimination in Violation of 42 U.S.C. § 1981***

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

34. Plaintiff is a member of a protected class under § 1981.

35. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

36. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

37. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

38. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

39. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

40. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

41. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

42. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

43. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

44. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a.  Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Disability Discrimination in Violation of the ADA*

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

46. Plaintiff is a member of a protected class under the ADA.

47. By Defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

48. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

49. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his disability was unlawful but acted in reckless disregard of the law.

50. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

51. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

52. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

53. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

54. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

55. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E.  Defendant, or in lieu of reinstatement, award front pay;

F.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV

### *Failure to Accommodate in Violation of the ADA.*

56.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

57.  Plaintiff is a member of a protected class under the ADA.

58. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

59. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

60. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and their supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

61. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

62. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

63. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

64. The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

65. The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

66. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits'

adjustment, and at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.


## COUNT V
### *RETALIATION IN VIOLATION OF THE TITLE VII*

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

68. Defendant is an employer as that term is used under the applicable statutes referenced above.

69. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the Title VII.

70. The foregoing unlawful actions by Defendant were purposeful.

71. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

72. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between

the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

73. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

74. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the Title VII and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Title VII;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees;

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____11/21/22_____

Respectfully submitted,

*s/ Elvis J. Adan* _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000